# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMILLA D. STEPHENS,<br><br>        Plaintiff,<br><br>vs.<br><br>PLUSFOUR, INC.,<br><br>        Defendant. | Case No. 2:12-cv-01224-MMD-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiff Jamilla D. Stephens' Application for Leave to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (#1), filed July 11, 2012. The Court also considered Defendant's Answer (#2), filed July 30, 2012, and Plaintiff's Amended Complaint (#6), filed September 27, 2012.

### I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's amended complaint.

### II. Screening the Amended Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with

directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the Defendant must be sufficiently alleged.

**A.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff filed suit for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p. A claim under these statutes invoke the Court's federal jurisdiction. The Court will now determine whether Plaintiff provided sufficient information to state a claim upon which relief can be granted.

  **B. FDCPA Claim**

Plaintiff alleges that Defendant's reporting of alleged trade-lines on her credit profiles violates 15 U.S.C. § 1692(e)(8). A debt collector violates Section 1692(e)(8) by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Plaintiff alleges that she filed numerous disputes with the three major consumer credit reporting agencies and Defendant continued to harass Plaintiff after being informed of the dispute, which has impaired her access to financing. The FDCPA provides, "An action to enforce liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff alleges that Defendant's breach of its duty to investigate her account occurred within one year of filing this lawsuit and sent a notice of intent to sue to Defendant on February 23, 2012. Taking these allegations as true, Plaintiff has stated sufficient facts to state a claim for relief under FDCPA.

  **C. FCRA Claim**

Plaintiff alleges that Defendant's reporting of alleged trade-lines on her credit profiles violates 15 U.S.C. § 1681s-2. A furnisher of information to consumer reporting agencies violates Section 1681s-2 by reporting information with actual knowledge of errors or after notice and confirmation of errors. 15 U.S.C. § 1681s-2(a). Plaintiff alleges that Defendant provided information to a consumer reporting agency that is disputed in violation of its duty to provide notice of the dispute. The FCRA provides, "An action to enforce liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier or - (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff alleges that the violations occurred within a year of filing this lawsuit. Taking these allegations as true, Plaintiff has stated sufficient facts to state a claim for relief under FCRA.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (#1) is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint (#6) and shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved Defendant, a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or

whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include, with the original papers submitted for filing, a certificate stating that a true and correct copy of the document was mailed to Defendant or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED this 2nd day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**